BOURASSA *v*. BOURASSA'S ESTATE.

1. EXECUTORS AND ADMINISTRATORS — PARENT AND CHILD — PRE-SUMPTION THAT SERVICE BY DAUGHTER WAS GRATUITOUS MUST BE OVERCOME.

In order to entitle a daughter to recover from her mother's estate for services rendered to the mother, where there was no express contract, the testimony must be sufficient to overcome the presumption that they were gratuitously rendered by reason of the relationship between them, and must be sufficient to satisfy the jury that they were rendered under such circumstances that the daughter expected to be compensated therefor, and that the mother accepted them with the expectation of paying therefor.

2. SAME—EVIDENCE INSUFFICIENT.

Testimony that a mother desired her daughter to perform the services rendered, and that she said she would do what was right by the daughter, *held*, insufficient, as matter of law, to support the daughter's claim against the mother's estate for compensation for said services.

Error to Wayne; Hunt (Ormond F.), J.   Submitted April 10, 1928.   (Docket No. 86, Calendar No. 33,611.) Decided June 4, 1928.

Rose Bourassa presented a claim against the estate of Martha Bourassa, deceased, for services rendered. The claim was disallowed by the commissioners, and plaintiff appealed to the circuit court.   Judgment for defendant on a directed verdict.   Plaintiff brings error. Affirmed.

*Frank A. O'Boyle*, for appellant.

*Thomas W. Thompson*, for appellee.

POTTER, J.   Plaintiff reviews on error the action

As to presumption that services rendered by member of family are gratuitous, see annotation in 1 L. R. A. (N. S.) 819, 821; 11 R. C. L. 209; 2 R. C. L. Supp. 1222; 4 R. C. L. Supp. 703; 5 R. C. L. Supp. 602; 7 R. C. L. Supp. 351.

of the circuit court of Wayne county, disallowing her claim presented against the estate of her deceased mother, for caring for her. The trial court directed a verdict for the estate on the authority of *Wright* v. *Senn's Estate*, 85 Mich. 191, where it is said:

"An express contract must be clearly shown."

Conceding it was not necessary to clearly establish an express contract between plaintiff and deceased, the proof must be sufficient to overcome the presumption that the services were gratuitously rendered by plaintiff by reason of the relationship between the parties. The testimony must have been sufficient to satisfy the jury the services were rendered under such circumstances that plaintiff expected to be compensated for the services performed, and that deceased accepted the services with the expectation of paying therefor. Outside the proof that her mother desired plaintiff to perform the services rendered, the testimony shows deceased said she would do what was right by Rose; that she intended to give her some money; that deceased desired the appointment of a friendly administrator of her estate who would do what was right toward Rose. The most that can be said of these declarations by deceased is that they may or may not have related to compensating plaintiff for her services.

The judgment of the trial court is affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred.